ETTA BIEBER, as Executrix, etc., of ISRAEL BIEBER, Deceased, Respondent, v. HARRIET AMUSEMENT COMPANY, INC., LOUIS ROSENTHAL and LOUIS SCHLEIER, Defendants; LOUIS SCHLEIER, Appellant.— Appeal by defendant Louis Schleier, in an action brought by a judgment creditor under section 1189 of the Civil Practice Act, from an order denying his motion for judgment on the pleadings. Order affirmed, with ten dollars costs and disbursements. The determination of the validity of the pleaded defense should await the trial. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

THE COLUMBUS INDUSTRIAL BANK, a Banking Corporation, Appellant, v. GRAZIA VERRILLI and GEMMA VERRILLI, Defendants, ANTHONY VERRILLI, Respondent, and JOSEPHINE VERRILLI, Defendant.— Action to recover a balance due on a promissory note made by respondent and the three defendants. Plaintiff had judgment against two of the defendants, the action was withdrawn as to a third, and a jury verdict of no liability was had by the respondent. Plaintiff appealed from so much of the judgment as was entered in favor of the respondent and from the order denying its motion to set aside the verdict and for a new trial. Judgment of the County Court of Westchester County, in so far as appealed from, reversed on the law and the facts, with costs, and judgment directed in favor of the plaintiff against respondent, with costs. Upon the trial all defenses interposed by the respondent were abandoned except the defense based on the Statute of Limitations. Only that defense is argued on this appeal. The efficacy of such defense depended upon whether or not twelve postdated checks were given to the plaintiff under circumstances that bound the respondent. The undenied testimony of the plaintifi's witness Del Vecchio on this phase, as well as the testimony of respondent, established that the payment by these checks was made at the request of the respondent under circumstances that bound him. (*Pickett* v. *Leonard*, 34 N. Y. 175, 176.) The checks were postdated. The Statute of Limitations runs not from the date of delivery of the checks but from the date payments were due and made thereon. (*Mohawk Bank* v. *Broderick & Powell*, 13 Wend. 133.) The ninth check was paid on October 13, 1933, hence the action on the note in suit would not be barred as against the respondent until October, 1939. This action was begun in September, 1939. Therefore, the defense of the Statute of Limitations has no efficacy. The motion for a directed verdict against respondent should have been granted. Appeal from order denying plaintiff's motion to set aside the verdict and for a new trial dismissed, without costs. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

ELIZABETH DUFFY, Appellant, v. WILLIAM F. AHRENS and JOHANNA AHRENS, Respondents, and Others, Defendants.— Action to recover damages for personal injuries alleged to have been sustained by plaintiff when struck by a ladder which slid from the front of premises owned by respondents and along the sidewalk on which plaintiff was walking. Judgment, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.